BETSEY HUNT *vs.* INHABITANTS OF THE SOUTH PARISH IN BRAINTREE.

A testator made this devise : " I give to B. all my real estate lying on the north side of Plain Street, consisting of about sixty acres of land, together with the house, barn, and all the buildings on the same : " The testator owned a tract of land, of about sixty acres, lying northerly of Plain Street, and bounded thereby, which tract was divided into several lots, on one of which were a house, barn and other buildings : He also owned four acres of meadow land, lying two hundred rods north of Plain Street, and seventy rods distant from the sixty acre tract, from which it was separated by the lands of other persons. *Held*, that the meadow land was included in the devise to B.

WRIT OF ENTRY to recover four acres of meadow land in Braintree. The case was submitted to the court on the following statement of facts :

The demandant claims under a clause in the last will of John R. Hollis, dated April 13th 1842, in these words : " Item. I give to my sister, Betsey Hunt, the improvement, during her natural life, of all my real estate lying and being on the north side of the road, called Plain Street, consisting of about sixty acres of land, be the same more or less, together with the house, barn, and all the buildings on the same, with all the privileges thereto belonging." By a subsequent clause in said will, the above estate is given, after

---

* By *St.* 1847, *c.* 259, § 4, the provisions of *St.* 1842, *c.* 86, are extended to town ways and private ways.

the decease of said Betsey, to her son, Nathaniel Hunt, "for and during his natural life, and after his decease, to his children or grandchildren." After the devise to said Betsey Hunt and Nathaniel Hunt, as above stated, and various specific legacies, all the rest and residue of the testator's estate, real and personal, was devised to the tenants, in trust for certain purposes ; and they claim the demanded premises, as residuary devisees and legatees, in trust, under said will.

Plain Street is a highway in Braintree, running nearly east and west. And the testator owned, at the time of his death, a tract of land, lying northerly of said Plain Street, and bounded southerly thereby, containing fifty nine acres and thirteen rods. Said tract of land was then divided, by fences, into seven different lots or parcels, used for tillage or pasturage, and including some woodland. On one of these parcels, containing about an acre, the dwelling-house, where the testator lived, his barn and other buildings were situated. There were no other buildings on the other six parcels.

Twelve years before the making of the testator's will, he sold one acre, out of said tract, to the Braintree Copper and Brass Manufacturing Company, and the same is not included in the fifty nine acres and thirteen rods above mentioned.

The demanded premises are situated north of said Plain Street, about two hundred and three rods, and are separated from said street by other lands, belonging to other proprietors, which intervene ; and they lie in a northeasterly direction from said first named tract, seventy one rods distant therefrom.

There never have been any buildings on the demanded premises, nor were they ever enclosed by a fence. They are inaccessible, except by passing through land belonging to other persons. The most convenient point of access is from Middle Street, a public road in Braintree, running nearly north and south, and in an easterly direction from said premises, and about one hundred rods from them ; and a right of way from said road to said premises has been used. They are also accessible from Washington Street, another road in Braintree, running parallel with Middle Street, on the

westerly side of the demanded premises, and about two hundred rods therefrom. Union Street, another highway in Braintree, runs parallel with Plain Street, and northerly of the demanded premises about one hundred rods. It also runs northerly of said first named tract, and distant from the most northerly part thereof about one hundred and seventy rods.

The testator, at the time of his death and at the date of his will, also owned two pieces of salt meadow in Quincy, a town adjoining Braintree on the north, about four miles distant from the above premises; and also a small piece of land in Charlestown in the county of Middlesex.

*G. T. Bigelow*, for the demandant.

*White*, for the tenants.

WILDE, J. This case depends upon the construction to be given to the last will of John R. Hollis, by which the improvement of all his real estate, lying and being north of a road called Plain Street, was devised to the demandant during her natural life. The demanded premises are situated northerly of the said Plain Street, and are clearly included in the devise to the demandant, unless they are excluded by the following additional words of description, viz. " consisting of about sixty acres of land, be the same more or less, together with the house and barn, and all the buildings on the same, with all the privileges thereto belonging."

It is agreed, in the statement of facts, that the testator owned, at the time of his decease, a tract of land northerly of said Plain Street, and bounded southerly thereby, containing fifty nine acres and thirteen rods; and that the demanded premises lie seventy one rods in a northeasterly direction therefrom.

Upon these facts, it was contended by the tenants' counsel, that nothing passed by the devise to the demandant, but the lot containing fifty nine acres and thirteen rods. On the other hand, the demandant's counsel insists that the demanded premises, lying and being on the north side of Plain Street, are included by the express words of the devise.

The construction depends on a question of intention not very clearly expressed. But it is clear that, by the first part

of the devising clause, the demanded premises must be considered as included. And we are of opinion that the remaining part of the clause is so doubtful, that it ought not to control a description which is clear and unambiguous. The words of the will, "all my lands lying and being on the north side of the road called Plain Street," cannot be satisfied unless the demanded premises are included; and it is not necessary to the validity of a devise, or a conveyance, that every part of the description of the land given or conveyed should be accurate. If it is certainly and adequately described, a subsequent imperfect description will not control or limit the devise. This is not a case in which the separate parts of the will are irreconcilable; but the question is, which part of the description of the land devised shall govern, as most certainly expressing the intention of the testator. And we think the first part of the description, by which all the testator's lands north of Plain Street are included, must govern.

In the admeasurement or estimated contents of land conveyed, there may be great mistakes; and in conveyancing, this part of the description of the premises is frequently inserted without much regard to accuracy, as it must always be controlled by other parts of the description, such as monuments, courses and distances. Here are no monuments mentioned, but the devise of all the testator's land in a certain place seems to be equivalent to a description by monuments; or at least it is the part of the description most to be relied on.

*Judgment for the demandant.*